**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112242

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Betsy Roth and Lynne Callace, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| United Collection Bureau, Inc., | |
| Defendant. | |

Betsy Roth and Lynne Callace (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against United Collection Bureau, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Betsy Roth is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.      Plaintiff Lynne Callace is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant's principal place of business is located in Toledo, Ohio.

9.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.      Defendant alleges each of the Plaintiffs owe a debt ("the debt").

12.      The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13.      Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14.      Plaintiff Roth's debt was incurred on a credit card issued by Department Stores National Bank.

15.      At all relevant times herein, Plaintiff Roth's debt accrued, and was subject to, interest.

16.      At all relevant times herein, Plaintiff Roth's debt accrued, and was subject to, late fees.

17.      Plaintiff Callace's debt was incurred on a credit card issued by Citibank, N.A.

18.      At all relevant times herein, Plaintiff Callace's debt accrued, and was subject to, interest.

19.      At all relevant times herein, Plaintiff Callace's debt accrued, and was subject to, late fees.

20.      Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

21.     In its efforts to collect the debt, Defendant contacted Plaintiff Roth by letter dated May 13, 2016. ("**Exhibit 1**.")

22.     In its efforts to collect the debt, Defendant contacted Plaintiff Callace by letter dated April 29, 2016. ("**Exhibit 1**.")

23.     The letter to Plaintiff Callace was the initial communication to each Plaintiff Callace received from Defendant.

24.     The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO PLAINTIFF CALLACE

25.     Plaintiff Callace repeats and realleges the foregoing paragraphs as if fully restated herein.

26.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27.     One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

28.     A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

29.     The letter sets forth an "Current Account Balance."

30.     The letter fails to disclose whether the "Current Account Balance" may increase due to additional interest.

31.     The letter fails to disclose whether the "Current Account Balance" may increase due to additional late fees.

32.     The letter fails to indicate whether payment of the amount stated would satisfy the debt.

33.     The letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

34.     The letter fails to include any "safe harbor" language concerning the accrual of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

35.    The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

36.    The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

37.    The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Current Account Balance" at any time after receipt of the letter.

38.    The least sophisticated consumer could also reasonably believe that the "Current Account Balance" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

39.    If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

40.    If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

41.    For these reasons, Defendant failed to clearly state the amount of the debt.

42.    For these reasons, Defendant failed to unambiguously state the amount of the debt.

43.    For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

44.    For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

45.    Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO PLAINTIFF CALLACE**

46.     Plaintiff Callace repeats and realleges the foregoing paragraphs as if fully restated herein.

47.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

49.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

50.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

51.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

52.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

53.     As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Current Account Balance" was static.

54.      As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Current Account Balance" was dynamic due to the continued accumulation of interest and/or late fees.

55.     Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

56.     Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

57.     Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(b)**
**Validation of Debts**
**AS TO PLAINTIFF CALLACE**

58.     Plaintiff Callace repeats and realleges the foregoing paragraphs as if fully restated herein.

59.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

60.     The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

61.     The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

62.     The letters contain the required information.

63.     However, a debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

64.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

65.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

66.     15 U.S.C. § 1692g(b) provides, in relevant part, "If the consumer notifies the debt collector in writing within the thirty-day period . . . that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains . . . the name and address of the original creditor, and [the] name and address of the original creditor, is mailed to the consumer by the debt collector."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

67.     15 U.S.C. § 1692g(b) provides, in relevant part, "Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer . . . requests the name and address of the original creditor."

68.     15 U.S.C. § 1692g(b) provides, in relevant part, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to . . . request the name and address of the original creditor."

69.     Plaintiff has the right to dispute the debts.

70.     Plaintiffs has the right to demand the name and address of the original creditors.

71.     The letter states, "Unless you dispute the validity of this debt or any portion thereof, please make you payment to Citibank at the remit address below or call our office for arrangements."

72.     The letter does <u>not</u> state, "Unless you dispute the validity of this debt or any portion thereof, *or request the name of the original creditor*, please make you payment to Citibank at the remit address below or call our office for arrangements." (Emphasis added.)

73.     The failure to include the above-noted language overshadows Plaintiff's right to demand the name of the original creditor.

74.     The failure to include the above-noted language would likely make the least sophisticated consumer believe she must pay the debt, even if she desires to demand the name of the original creditor.

75.     The failure to include the above-noted language would likely make the least sophisticated consumer believe she must call Defendant to make payment arrangements, even if she desires to demand the name of the original creditor.

76.     The failure to include the above-noted language would likely make the least sophisticated consumer forgo her right to demand the name of the original creditor.

77.     The failure to include the above-noted language neglects to advise the least sophisticated consumer that Plaintiff also has the right to stop Defendant's collection efforts by demanding the name of the original creditor.

78.     The failure to include the above-noted language would likely make the least sophisticated consumer believe that the only way to stop Defendant's collection efforts is to dispute the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

79.     The failure to include the above-noted language would likely make the least sophisticated consumer believe that she must pay the debt unless she disputes it.

80.     Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

81.     Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

82.     Defendant has violated § 1692g(b) as the above-referenced language overshadows the information required to be provided by that Section.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF CALLACE**

83.     Plaintiff Callace repeats and realleges the foregoing paragraphs as if fully restated herein.

84.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

86.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

87.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

88.     The letter violates § 1692e because it can be read by the least sophisticated consumer to mean she must pay the debt, even if she desires to demand the name of the original creditor.

89.     The letter violates § 1692e because it can be read by the least sophisticated consumer to mean she must call Defendant to make payment arrangements, even if she desires to demand the name of the original creditor.

90.     The letter violates § 1692e because it can be cause the least sophisticated consumer to forgo her right to demand the name of the original creditor.

91.     The letter violates § 1692e because it can be read by the least sophisticated consumer to mean that the only way to stop Defendant's collection efforts is to dispute the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

8

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

92.     The letter violates § 1692e because it can be read by the least sophisticated consumer to mean that she must pay the debt unless she disputes it.

93.     Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

94.     Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

95.     The least sophisticated consumer would likely be deceived by Defendant's conduct.

96.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

97.     The least sophisticated consumer would likely be deceived into believing that she must pay the debt, even if she desires to demand the name of the original creditor.

98.     The least sophisticated consumer would likely be deceived into believing that she must call Defendant to make payment arrangements, even if she desires to demand the name of the original creditor.

99.     The least sophisticated consumer would likely be deceived into believing that the only way to stop Defendant's collection efforts is to dispute the debt.

100.    The least sophisticated consumer would likely be deceived into believing that she must pay the debt unless she disputes it.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO PLAINTIFF ROTH**

101.    Plaintiff Roth repeats and realleges the foregoing paragraphs as if fully restated herein.

102.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

103.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

104.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

9

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

105.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

106.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

107.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

108.    A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

109.    The letter sets forth an "Current Account Balance."

110.    The letter sets forth various settlement offers.

111.    The letter fails to disclose whether the "Current Account Balance" may increase due to additional interest.

112.    The letter fails to disclose whether the "Current Account Balance" may increase due to additional late fees.

113.    The letter fails to disclose whether the "Current Account Balance" may increase due to additional interest if the settlement is not accepted.

114.    The letter fails to disclose whether the "Current Account Balance" may increase due to additional late fees if the settlement is not accepted.

115.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

116.    The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

117.    The letters because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

118.    The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine

the value of Defendant's settlement offer because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static, if the settlement was not accepted.

119.   The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the "Current Account Balance" was static.

120.   The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the "Current Account Balance" was dynamic due to the continued accumulation of interest and/or late fees.

121.   Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

122.   Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

123.   Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SIXTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), § 1692e(5), and § 1692e(10)**
**AS TO PLAINTIFF ROTH**

124.   Plaintiff Roth repeats and realleges the foregoing paragraphs as if fully restated herein.

125.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

126.   15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

127.   15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

128.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to attempt to collect any debt.

129.   The letter offers Plaintiff a settlement of $2,077.70 on her debt of $2,388.16.

130.   The settlement offered to Plaintiff would result in a debt discharge forgiveness of $310.46, if the amount of the debt was static.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

131.    The letter sets forth certain information concerning IRS reporting requirements for debt forgiveness.

132.    The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because it was relevant.

133.    The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because the consumer's acceptance of the settlement offer would have tax consequences.

134.    26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt to make a Form 1099-C return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00.

135.    Debt discharge forgiveness may not be reported as income when an exception applies.

136.    The settlement offered to Plaintiff could not possibly have been reportable.

137.    The settlement offered to Plaintiff could not possibly have been reportable because it would result in debt forgiveness of less than $600.00.

138.    The settlement offered to Plaintiff could not possibly have been reportable under the relevant exceptions.

139.    Defendant's inclusion of the IRS reporting requirements implies that the settlement may have tax consequences.

140.    Defendant's implication that the settlement may have tax consequences is false.

141.    Defendant's implication that the settlement may have tax consequences is a threat to take action that cannot legally.

142.    Defendant's implication that the settlement may have tax consequences is a threat that is not intended to be taken by Defendant.

143.    Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that the action will not happen.

144.    Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that there are facts that make the action unlikely.

145.    Defendant's implication that the settlement may have tax consequences would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

12

likely lead the least sophisticated consumer to be misled into thinking that there will be adverse tax consequences for accepting Defendant's settlement offer.

146.  Defendant's implication that the settlement may have tax consequences would likely be interpreted by the least sophisticated consumer to be a threat that any settlement will be reported to the IRS.

147.  Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would affect the consumer's decision concerning whether or not to accept Defendant's settlement offer.

148.  Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for refusal to pay the debt.

149.  Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for obtaining any debt forgiveness.

150.  For the foregoing reasons, letter violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10).

## JURY DEMAND

151.  Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.     Damages against Defendant in favor of Plaintiff Roth pursuant to 15 U.S.C. § 1692k; and

b.     Damages against Defendant in favor of Plaintiff Callace pursuant to 15 U.S.C. § 1692k; and

c.     Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d.     Plaintiffs' costs; all together with

e.     Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

13

DATED: March 30, 2017

**BARSHAY SANDERS, PLLC**

By: _____*/s/ Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 112242

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530